Today's cases will be called as previously announced and the times will be as allotted to counsel. The first case today is number 23-1618 Robert Rainieri Arias v. Noah A. Herzon et al. At this time, would counsel for the appellant please introduce himself on the record to begin. Good morning and may it please the court. My name is Jeremy Eggleton and I represent Mr. Arias. I'm happy to take questions at any point. I think the fundamental problem with the district court's order in this case was that it went a step too far. The instruction of the Supreme Court on the issue of a Bivens claim is that we don't want to extend it into new contexts and new arenas. What the district court here did was not just safeguard against extending it into new contexts. It actually limbed the existing rights that potential claimants have under Bivens and thereby deprived United States persons of their rights as Bivens presently exists. The error of the court, the district court, was not in essence to follow the two-part test that the Supreme Court has instructed us to follow when trying to determine first whether the facts of the case give rise to a new Bivens context. And then if they do, and only if they do, does the court then go on to consider whether or not there are special factors which would suggest not extending Bivens into this new context. Now, this court has done, I think... The government seems to put a lot of stress on the alternative remedial structure issue. Yes, the alternative remedial structure issue is a red herring as to the first part of the test. So this court articulated the test clearly in the Quinones-Pimentel case, which it issued last November. And in that case, the watchword from this court interpreting the Supreme Court precedent was that you had to look at the facts of the arrest, the conduct of the alleged defendants in the case, to ascertain whether it was consistent with the conduct of the original Bivens defendants. That is the primary thing. It is true that Quinones repeats what the Supreme Court says, that it's a two-part analysis. But Quinones did not say what you just said, which is that it is impermissible to consider at the first step of the analysis whether Congress has created an alternative remedy. In fact, Quinones cited Supreme Court language exactly on that point, which suggests quite to the contrary, that it is permissible. And in any event, as Quinones said, the issue resolves into a single question of whether there is an alternative remedy and as to whether Congress is better positioned than the judiciary to create a judicially created cause of action for damages. Yes, Your Honor. That is the question to which the Supreme Court's— No, but is my recitation of Quinones correct? I don't think the recitation of Quinones is exactly accurate, Your Honor. I do hear and understand what this Court said with respect to adopting the language of the Supreme Court, that these two-part tests collapse into one fundamental test. But I personally have a disagreement with that to the extent that the— Okay, we agree. Quinones, in fact, quoted the Supreme Court as saying that. Are you saying the Supreme Court was wrong or the First Circuit was wrong? Because in quoting it, it suggested that might be the law? Well, where that collapsing question falls awry, I believe, is in the fact that it presumes the result that then gives rise to the question whether the courts or Congress are better suited to creating a damages remedy. The single question that the Court identifies doesn't tell you, just from the nature of the question itself, whether an alternative remedial scheme is relevant to Step 1 or Step 2. I would agree with that, Your Honor. And I take it your position is you could read that question as applied to Step 1, in fact, to be inconsistent with the notion that the alternative remedial scheme is relevant at Step 1, because what it's asking is, who's better to set this remedy? And if we're at Step 1, by definition, we already have the remedy. So the only question at Step 1 is, is this the same context? Right. The remedy can't be despised of that question. So in that sense, the question doesn't really—it's just question begging as to the question we're trying to resolve. That's right, Your Honor. It's somewhat tautological. But the—I think what— I mean, the Supreme Court questioned whether there is any reason to think that Congress might be better equipped to create a damages remedy. How do we respond to that question in this case? How do we—I mean, how should we be thinking about that in this case? Well, in this case, you don't have to create a damages remedy, Your Honor. There exists a damages remedy, and it falls under the Bivens claim. That's so long as, in your view, the facts show, independent of the remedy, that it's the same context as Bivens. That's right. And in key notice, the Court was very clear that it is the facts of the defendant's conduct. And in this case, the trial court looked not just at the facts of the defendant's conduct. Actually, if you look at the trial court order at pages 10 to 11, you'll see that the trial court essentially agreed with me that as to the defendant's conduct, it was indistinguishable from Bivens. But then it looked beyond that to the existence of an alternative remedial scheme and said, that's a new context. And that's where I think the trial court erred, because otherwise, Bivens is essentially— Putting aside that one-question language in Engbert, there is also the reality that the special factors, counseling, hesitation, that are mentioned at step two. There is also, at step one, a reference to special factors that the Court did not consider in Bivens. Yes, Your Honor. And there is indication that they can be the same factor. Yeah, I mean— So what do we do with that unfortunate feature of the way they've defined the test in a case like this? Well, that seems to be the problem with the question of the jurisprudence right now is you have that special factor. The language is on both sides of the test. So how do you propose that we manage that? Well, I think you've done a good job already of applying that in a real-life context. So in the recent Hornoff case, which came in July of this year, you had an effective analysis of this very question. You had a series of seamen who were arrested by the United States Coast Guard in Portland, Maine, in order to keep them in the country pending a trial on a question concerning a Maritime Pollution Act of some kind. And in essence, the plaintiffs in that case sued under Bivens because they were being detained in order to be witnesses at this trial. And what this court did is it analyzed, first, the conduct of the defendants and the nature of the defendants, and said, look, this is a new context. We have prosecutors named as defendants. We have Coast Guard members named as defendants. This is clearly a new context different from the original Bivens context. Then you turned to the alternative remedial scheme analysis. Can I— Just before getting to that, one way to reconcile or to make it so that it's sensible that they are referring to special factors at both 1 and 2 would be a special factor could be, let's say, it involves immigration authorities. So that shows it's a new context. That doesn't mean you lose. We then go to step 2. Now we might say, is that a special factor that counsels hesitation? And we might say, yes, because it implicates national security, et cetera. And which is Egbert. Then the idea would be just to follow, it would be your suggestion, though, is although you can do that, you cannot do the same thing for an alternative remedial structure because there's something about that that simply doesn't fit with the step 1 inquiry. Is that the idea? Well, it is on the facts of this case, Your Honor, because the alternative remedial structure in question has existed since 1978. Since 1978, I haven't done the math, but I'm sure there have been tens of thousands of Bivens claims that have been— And, of course, in Egbert itself, when they're talking about—they say Bivens survives, but if the district court is right here, that's not true.  Right. Arguing against that construction is the fact that the Supreme Court used the term special factors to refer specifically to the creation of alternative remedies. And it would be quite odd for the Supreme Court not to use the term to encompass— not to use the term in step 1 in a way that was consistent with the way it uses it later. Further, you've got the Egbert language. Congress has provided alternative remedies for aggrieved parties in the plaintiff's position that independently foreclose a Bivens action here. Whether it's step 1 or step 2, isn't it true that the remedy here, the administrative remedy, was created after Bivens? It was, Your Honor. That's in the record. Okay. And why wouldn't it be sensible to look at that as Congress was aware of Bivens and decided to create an alternative remedy, which would have a deterrent effect against excessive use of force? I think—and I note that my red light is on, but I think that the answer to that question is that if this were a new context, it absolutely would counsel against— Well, there is some dispute as to whether this is a new context or not, but I take it your logic is you are forbidden from going any further unless you find it is a new context. That is right, Your Honor. And I guess what I would say is that this reveals the contradiction at the heart of the Bivens jurisprudence that we're getting from the Supreme Court, which is, on the one hand, yes, Bivens is still good law. On the other hand, if this court were to adopt the trial court decision, then four-fifths of the U.S. law enforcement would not be subject to Bivens. Can you just answer Judge Lynch's question regarding the passage in Engbert that talks about independently this would be foreclosed? Do you read that? How do you read that passage in a way that doesn't create a problem for you? I think it does create a problem for me, Your Honor. If it does, then we can't do anything for you. No. Well, I think it creates a legal conundrum because it's incompatible with the Supreme Court's statement— So how do you read it? Do you read it to be saying that independent of Step 1 or Step 2, when there's an independent remedy, that's it? Or do you read it to be saying it's just part of the Step 2 inquiry? It's part of the Step 2 inquiry. If there's an independent remedy that distinguishes a context and makes it a new context, then yes, arguably that requires the second part of the analysis. In all truth, the language about Step 1 would not include special factors such as alternative remedies and, in any event, which branch of the federal government is better suited to create the remedies. The only way that that can be construed— We all have a common problem here. The Supreme Court language seems to be inconsistent in many ways, and we have to resolve it. Thank you. Thank you, Your Honor. Thank you, counsel. At this time, would counsel for the appellees please introduce herself on the record to begin? Excuse me. Good morning. Terry Olala on behalf of defendant appellees. I think Your Honors are absolutely correct. Sorry to interrupt you, but if you just raise the mic a little bit higher, then we'll hear you better. I think I'm really tall. That's the problem. Or we have it too low. Okay. Thanks. In Bivens, the Supreme Court said as follows when addressing whether or not a remedy would be available, and I thought it was interesting because it goes to the special factors. The Supreme Court at page 396 of 403 U.S. said, the present case involves no special factors counseling hesitation in the absence of affirmative action by Congress. That was not the case seven years later. Bivens, as you know, was decided in 1971. Seven years later in 1978, the Congress passed the Inspector General Act of 1978. And although it was not passed because of Bivens, it provides the deterrent effect that the Supreme Court has recognized in Bush v. Lucas. The court has recognized repeatedly in Egbert, in Abbasi, that the ---- How do we look at this and why should we look at this as an alternative remedy as opposed to Congress was aware of Bivens, that this was an additional remedy for deterrence purposes? Because I think you have to abide by what the Supreme Court has said with respect to separation of powers. I think if there's no congressionally created remedy, the court can't create one. But the question is, the difficulty here is if, and I know you dispute this, but for present purposes following the district court's analysis, if it's not a new context, then the remedy's already been created. Sure, but the new context in Abbasi when the Supreme Court in 2017 laid out the two-step analysis, they specifically said one of the guideposts that they mentioned was the presence of potential special factors that previous Bivens cases did not consider. And that is the special factor is the Inspector General Act of 1978. But the question is, is it? And that's Judge Thompson's question to you. If that's the question we're asking, how do we know or why should we think that in the face of the remedy that Congress knew was there and in the absence of saying anything to displace it, how do we know that an internal grievance procedure suffices to show that they meant to displace the remedy that already existed in consequence of Bivens? That's not true in a typical new context case. In a typical new context case, there's no reason to think the Bivens remedy's available. That's true, except that I agree with your premise, Your Honor, and it does create an unusual situation. But because we have to take the words of the Supreme Court literally, we are allowed to morph those two steps into one. And the analysis is, is there any reason to believe that the courts are less situated in a position than Congress is to create a remedy? So I understand... But it said Bivens remains good law. It does. And what I think is really interesting is Judge Lynch was speaking about Quinonez, but right after Abbasi, this court issued a decision in Gonzalez v. Velez, and I would argue that this court did the exact same thing in that case that Judge McCafferty did here. Gonzalez v. Velez can be found at 864 Fed 3rd 45, and it came one month after the Supreme Court decided Abbasi, and of course in Abbasi, it was a two-step analysis. New context, special factors. And this is what the court said on page 53 in Gonzalez. And of course, this court was comparing the Gonzalez case, which was an employment case, to Davis, the Supreme Court's employment case. This court said, This brings us to Davis, which arose in a context that bears a superficial similarity to the present context. That case, like this one, involves discrimination claims of federal employees. And now this is the important sentence. But even if we were to assume for argument's sake that the context is substantially the same, the plaintiffs hit a roadblock at the next step of the analysis. That is, whether there exists an alternative process that Congress reasonably may have viewed as an equally effective surrogate for an action brought directly under the Constitution. The linchpin of the Davis court's analysis was its conclusion that Title VII, as then written, did not apply to congressional employees. Here, no such exception exists to bar the gateway to relief. The plaintiffs, unlike the plaintiffs in Davis, had available to them alternative processes. And in this case, it was the CSR, the Civil Service Reform Act, and Title VII, that Congress reasonably might have viewed as an effective substitute. So this court did exactly what Judge McCafferty did here. You said, let's assume for the purposes of argument that the facts in the Gonzalez case are exactly the same as the facts in the Davis case. Even if that is so, you still fail because the special factors show that Congress intended it and not the courts to create remedies. And in that case, very similar to that case, here, it was the creation of the Inspector General Act of 1978, and obviously in Gonzalez-Velas, it was Title VII and the CSRS that came into play after the issuance of Davis. So I think your honors have already said that collapsing that test into one is the same. And it is true. I think you're also making a different point, that in response to Judge Thompson's question, should the court view this as a supplemental remedy as opposed to an alternative remedy, you say we've already taken the position that the real question is whether Congress reasonably could have viewed this as accomplishing the remedial purposes. And if Congress could reasonably have concluded that, then that suffices. I agree, Judge. I agree with the point, and I do agree that this is an area of the law that is still evolving. And it makes it unusual, because we have the Supreme Court saying time and time again that Bivens is a relic of the past, that the courts have undermined its existence so much that at least Judge Gorsuch, Justice Thomas... Just so I'm trailing, the upshot of yours is that in light of the post-Bivens change of not including damage as remedies, you can no longer get a damage as remedy under the facts of Bivens or Davis v. Passman. That is so, Judge. And that's been true for the last half century, notwithstanding the Supreme Court repeatedly saying we're not overruling Davis or Bivens. That's true, Judge. You may have overstated your argument, because as my colleagues have pointed out, the court continues to say on a case that is identical to Bivens, we're not overruling Bivens. Well, I doubt your position is that the whole point is that there is no case identical to Bivens anymore because of the alternative remedy. That's exactly it. So that is your position. Yes, Judge. The exact same facts as Bivens. If the same officers came back from the dead and did the same thing, you could not sue them now even though you could then. Yes. Yes, Judge. And that's what I was suggesting was an overstatement and unnecessary on the part of the prosecution. In what instance would there be a Bivens action? There could be. I think the way to solve it is for Congress to pass the equivalent of a 1983 action. That's congressional action. If the Supreme Court says Bivens is not dead, I'd spend a lot of time trying to figure out a scenario, given the procedural changes that Congress has enacted for investigating misconduct. How would one ever have a Bivens case? I agree, and I agree that the same applies in Egbert with respect to Border Patrol agents. But Egbert is different because Egbert, at least as the Ninth Circuit framed it and as the court took it, we were at step two. It was assumed to be a new context. That's true, Judge. So the question is when it's not a new context, you're still saying because of changes that happened a half century ago. I guess the only thing that's left is Carlson. It is, the Eighth Amendment case. And ironically, that's the one where there's an actual tort action you could bring. That's correct. So the state of the law is when there is a tort action, you can bring Bivens, but when there's no tort action, you can't. Yes. Okay. Thank you. One more thing before you.  Has the Justice Department ever taken the position that the Inspector General Act is an adequate procedure before this case? I'm unaware of that, Your Honor. I'm happy to look into it. Because I was looking at Snowden. Right. And I didn't see any mention of that act in Snowden. Well, that's interesting because plaintiffs do raise Snowden and Hicks as relevant cases, but they're not because those cases were decided on the new context. They didn't go to the second. And I'm not sure why that wasn't argued in Snowden and or Hicks. Okay. Thank you so much. Thank you. Thank you, Counsel. You're excused.  Counsel for ATN v. Edmar can come up to the tables. And, Judge, I'll go ahead and put us back on the record.